ORIGINAL

1  ARTURO J. GONZÁLEZ (CA SBN 121490)
   KENNETH W. BRAKEBILL (CA SBN 196696)
2  NATALIE NAUGLE (CA SBN 240999)
   SARINA SALUJA (CA SBN 253781)
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California 94105-2482
   Telephone: (415) 268-7000
5  Facsimile: (415) 268-7522

6  Attorneys for Plaintiffs

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 MARIA MEDINA, WALTER CAMPOS,                  CV 08 No. 3946  PVT
   HECTOR LUIS VALENCIA, JAVIER
12 ANGUIANO, SAMUEL SALGADO,
   RODOLFO MEDINA, JOEL ANTONIO
13 VASQUEZ-MEDINA, JOSE JESUS                   COMPLAINT FOR VIOLATION
   ESPINOSA, FRANCISCO LEON, OSCAR              OF THE FOURTH AND
14 CAMPOS,                                       FOURTEENTH AMENDMENTS
                                                TO THE UNITED STATES
15                                              CONSTITUTION; MALICIOUS
                  Plaintiffs,                   PROSECUTION
16
       v.                                       [JURY TRIAL DEMANDED]
17
   CITY OF MENLO PARK; JONATHAN
18 BAXTER, individually and as an officer of the
   Menlo Park Police Department; NICHOLAS
19 DOUGLAS, individually and as an officer of the
   Menlo Park Police Department, RONALD
20 PRICKETT, individually and as an officer of the
   Menlo Park Police Department, THOMAS
21 CRUTCHFIELD, individually and as an officer
   of the Menlo Park Police Department, JOHSUA
22 VENZON, individually and as an officer of the
   Menlo Park Police Department, and DOES 1
23 through 50, inclusive,

24                Defendants.

25

26

27

28

## INTRODUCTION

This lawsuit stems from the unlawful entry into a family home. With no probable cause, police entered the home of Walter Campos and Maria Medina and assaulted several occupants. A number of people inside the home were arrested. No charges were filed against two of the persons arrested. Four of them were charged with fabricated crimes. When those claims were tried to a criminal jury, the jurors determined that all four of them were innocent.

Through this lawsuit, plaintiffs seek a verdict from a jury that defendants acted improperly. Defendants had no legal basis for entering the home; they had no basis for assaulting and arresting occupants; and they improperly fabricated statements in their police reports to conceal their wrongful conduct.

## SUMMARY OF FACTS

On the evening of September 1, 2007, Walter Campos and Maria Medina hosted a family birthday party. The celebration took place at a private residence and was attended by family members and friends, including several young children. Late in the evening, Officer Jonathan Baxter arrived at the Campos family home in response to a 911 call regarding an argument between two men in the front yard. Walter Campos approached Officer Jonathan Baxter and informed him that the issue between the men had been resolved. Officer Baxter then, without Mr. Campos' consent, followed Mr. Campos through the home and into the backyard where several children and family members were mingling. Moments later, several officers from the City of Menlo Park, including Officer Nicholas Douglas, ran unannounced through the front door of the residence waiving their batons and shouting at the guests. Officer Ronald Prickett entered the backyard by breaking through the side gate.

The officers, without any justification for entering the private home, started throwing down, handcuffing and arresting several guests. Officer Baxter, without provocation, threw Javier Anguiano to the ground, handcuffed and placed him under arrest. Officer Douglas then grabbed Mr. Anguiano's mother, Maria Medina, around her throat with his baton and lifted her off the ground to use her as a "shield." Officer Douglas then threw Maria Medina against the wall on the back porch. Thereafter, Officer Douglas, again without provocation, struck Hector

1  Valencia on the wrist with his baton. Mr. Valencia was then tackled by several police officers,
2  handcuffed and arrested. Samuel Salgado was struck on the wrist with a baton, slammed to the
3  ground, handcuffed, and arrested. Mr. Vasquez-Medina was tackled by more than one officer,
4  handcuffed, and arrested. Officer Prickett threw Mr. Hector Campos to the ground, but did not
5  arrest him. Rodolfo Medina, Jose Jesus "Jesse" Espinosa, and Francisco Leon were also thrown
6  to the ground and tackled by officers, handcuffed and arrested. These guests were falsely arrested
7  and charged with interfering with a peace officer.

8  After the incident, the officers prepared false and misleading police reports to cover-up
9  their acts of misconduct, which led to the improper prosecution of Hector Valencia, Javier
10 Anguiano, Samuel Salgado, Jose Jesus "Jesse" Espinosa, and Rodolfo Medina. The false charges
11 against Francisco Leon and Joel Vasquez-Medina were subsequently dropped. Mr. Rodolfo
12 Medina, fearful that he might be wrongfully convicted, accepted a plea bargain. Mr. Valencia,
13 Mr. Anguiano, Mr. Salgado and Mr. Espinosa went to trial and were acquitted.

14 Several family members in attendance were required to go to the hospital that night for
15 treatment of the injuries they incurred during the incident. As a result of being held in a choke-
16 hold and thrown against a wall by Officer Douglas, Maria Medina was injured and is currently
17 undergoing physical therapy.

## JURISDICTION AND VENUE

19  1.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C.
20 § 1331, 28 U.S.C. § 1343(3), 42 U.S.C. § 1983, and 28 U.S.C. § 1367(a) (supplemental
21 jurisdiction).

22  2.  Venue is proper in the Northern District of California, under 28 U.S.C. § 1391(b),
23 in that a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in
24 this judicial district, and this is a judicial district where a defendant resides and the defendants
25 reside in the state of California.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS    2
sf-2532603

**INTRADISTRICT ASSIGNMENT**

1. Intradistrict assignment to the San Francisco Division is appropriate pursuant to Civil L.R. 3-2(c), as a substantial part of the events that give rise to the claims as alleged herein occurred in San Mateo County.

**THE PARTIES**

3. The Plaintiffs in this case are Maria Medina, Walter Campos, Hector Luis Valencia, Javier Anguiano, Samuel Salgado, Rodolfo Medina, Joel Antonio Vasquez-Medina, Jose Jesus "Jesse" Espinosa, Francisco Leon, and Oscar Campos, (together "the Plaintiffs" or individually "Maria" or "Walter" or "Hector" or "Javier" or "Samuel" or "Rodolfo" or "Joel" or "Jesse" or "Francisco" or "Oscar"). They are residents of Menlo Park, California and were falsely arrested and/or detained, and injured, through the use of excessive and unjustified force by several Menlo Park police officers, including Officers Jonathan Baxter, Nicholas Douglas, and Ronald Prickett on September 1, 2007.

4. Plaintiffs are informed and believe that defendant City of Menlo Park is a municipal corporation and a political subdivision of the State of California with the capacity to sue and be sued. The City of Menlo Park includes the Menlo Park Police Department.

5. Upon information and belief, Defendants Jonathan Baxter, Nicholas Douglas, Ronald Prickett, Thomas Crutchfield and Joshua Venzon are, and at all times mentioned herein, were officers of the Menlo Park Police Department. Jonathan Baxter, Nicholas Douglas, Ronald Prickett, Thomas Crutchfield and Joshua Venzon are each sued individually and in their official capacity.

6. Does 1 through 50, inclusive, are used herein under fictitious names because their true names, capacities, and/or degrees of responsibility for the acts alleged herein are unknown to Plaintiffs at this time. When the Plaintiffs ascertain this information, they will amend this Complaint accordingly. Plaintiffs are informed and believe, and thereon allege, that defendant Does 1 through 50, inclusive, and each of them, are legally liable to the Plaintiffs in some part for the wrongful acts and omissions for which Plaintiffs complain herein.

7. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, each and every defendant was the agent, servant, employee, and/or representative of each and every other defendant and, in doing the things complained of herein, was acting within the scope of that agency, service, employment, and/or representation, and that each and every defendant is jointly and severally liable to the Plaintiffs for the damages hereinafter alleged.

## GENERAL ALLEGATIONS

8. On the evening of September 1, 2007, Walter and Maria, a married couple, were hosting a birthday party. The celebration occurred at their private residence at 1357 Windermere Avenue in Menlo Park, California, and was attended by family and friends, including young children.

9. Late in the evening, at or around 11 p.m., Officer Jonathan Baxter from the City of Menlo Park Police Department, responding to a 911 call reporting a verbal altercation in the front yard, entered the private residence of Mr. Walter Campos and Maria Medina without consent or legal justification. At the time, several of the Plaintiffs were in the back yard engaged in conversation with each other and in the presence of numerous family members and children.

10. Within moments of Officer Baxter's entry into the residence, several other Menlo Park police officers ran unannounced, without consent or legal justification, through the front doorway waving batons and shouting at people to "get on the ground." Said officers included City of Menlo Park Officer Nicholas Douglas. City of Menlo Park Officer Ronald Prickett entered the back yard by breaking down the side gate.

11. Officer Baxter approached Javier, threw him to the ground, handcuffed, and arrested him. Several officers tackled and continued to strike Javier with batons after he was already on the ground.

12. Watching her son thrown to the ground and beaten, Maria attempted to inform Officer Baxter that Javier had done nothing wrong. Officer Douglas then grabbed Maria around the throat with his baton and held her up against him.

13. Seeing Officer Douglas hold Maria in a choke-hold, Hector attempted to inform Officer Nicholas Douglas that she was the homeowner and that she had done nothing wrong. In

1  response, Officer Nicholas Douglas forcefully threw Maria against a wall and struck Hector on
2  the wrist with his baton. Hector was then tackled by several police officers, pinned to the ground,
3  handcuffed and arrested.

4  14.  During that same time, Officer Prickett entered the residence by breaking the
5  wooden gate at the side of the house. Upon entering, he reports seeing Walter and Oscar standing
6  by the porch. Officer Prickett ordered both Walter and Oscar to put their hands up and stand
7  against the wall and watched them, baton in hand. After a few minutes, Officer Prickett allowed
8  Walter and Oscar to put their hands down, but then, without provocation, threw Oscar face down
9  onto the floor. Oscar was then tackled by more than one officer, but released a few minutes later.

10  15.  Samuel, who had been in the front yard, entered into the backyard to ascertain the
11  cause of the commotion. As he stood in the back doorway watching several family members and
12  friends being thrown to the ground and struck with batons, an unknown officer struck his left
13  wrist with a baton, tackled and slammed him to the ground, striking his head violently on the back
14  porch. Samuel was thereafter handcuffed and placed under arrest.

15  16.  Joel, who had been waiting in the front yard, after hearing shouts that Javier was
16  being arrested, entered the backyard. Upon entering, he witnessed Officer Douglas choke-
17  holding his mother Maria, several officers striking Javier as he lay flat on his face on the ground,
18  and an officer throw Jesse to the ground. Joel then followed the officers as they escorted the
19  arrestees through the house to the police cars. Again, without provocation, Joel was then tackled
20  by more than one police officer and placed under arrest. The charges against Joel were
21  subsequently dropped.

22  17.  An officer then ordered Rodolfo to get on the ground. Rodolfo complied, lowering
23  himself to the ground. While Rodolfo was laying face down on the floor, several officers tackled
24  him, shoved his face into the ground, handcuffed and arrested him.

25  18.  Francisco observed the officers throwing down and striking people. An officer
26  yelled at him to get down. In fear of getting hit, Francisco got to the ground, and was handcuffed
27  and arrested.

28

19.     Hector, Samuel, Javier, Rodolfo, Francisco, Joel, and Jesse were all taken to the police station. Hector, Samuel, Javier and Rodolfo were all detained for over four hours and released around 5 or 6 a.m. Joel, Jose, and Francisco were detained for approximately two hours before being released.

20.     The actions of Officers Baxter, Douglas, Prickett, Crutchfield and Venzon were taken pursuant to a policy, pattern, practice, and custom of the City of Menlo Park to arrest individuals by using improper means, including the use of excessive force, even when no reasonable basis exists for believing that use of force will be required. In addition, the actions were taken pursuant to a policy, pattern, practice, and custom of the City of Menlo Park of arresting and detaining persons even when no probable cause exists for believing that they have committed any crime.

21.     Despite their knowledge of this illegal policy, pattern, practice, and custom, the supervisory and policy-making officers have taken no effective steps to terminate the policy, pattern, practice, and custom; and have not effectively disciplined or otherwise properly supervised the individual officers who engage in the policy, pattern, practice, and custom.

22.     Moreover, defendant City of Menlo Park has not effectively trained City of Menlo Park officers with regard to the proper constitutional and statutory limits of the exercise of their authority; have assigned as training officers certain officers known to engage in the illegal policy, pattern, practice, and custom; and have sanctioned the policy, pattern, practice, and custom through their deliberate or grossly negligent indifference to the effect of this policy, pattern, practice, and custom, on the constitutional rights of residents. These supervisory and policy-making officers have taken no effective action to ensure that safeguards are put into place to avoid the false arrest and detention of citizens and the unjustified use of excessive force. Instead, the City of Menlo Park has ratified acts of misconduct by its police officers, including the acts of defendants Baxter, Douglas, Prickett, Crutchfield and Venzon and Does 1-50.

23.     As the direct and proximate result of the acts, omissions, policies, patterns, practices, and customers of defendants alleged herein, Plaintiffs have suffered bodily harm, substantial and emotional pain and suffering, shock and injury to the nervous systems,

1  humiliation, extreme and severe mental anguish, acute anxiety, emotional and physical distress, and fear, all to their damage and detriment.

24. As a further direct and proximate result of the injuries alleged herein, Plaintiffs have incurred, and will continue to incur, medical expenses. Plaintiffs do not know the full amount of such expenses, and Plaintiffs will amend this Complaint to state such amount when it becomes known to the Plaintiffs or on proof thereof.

25. As a further direct and proximate result of the injuries alleged herein, Plaintiffs have also incurred, and will continue to incur, other damages, including but not limited to lost wages and bond costs.

26. At all times mentioned herein, and in all of their actions mentioned herein, the individually named defendants were acting under color of law and under color of their authority and within the scope of their employment as law enforcement officers of the City of Menlo Park.

27. The conduct of the individual defendants, and of Does 1 through 50 was willful, wanton, malicious, oppressive, and in bad faith. Each of these defendants also acted with reckless or callous disregard for the rights of Plaintiff and intentionally violated both federal and state law. Plaintiffs are thus entitled to an award of punitive damages against each of these defendants.

## FIRST CAUSE OF ACTION
### (Fourth and Fourteenth Amendments to the United States Constitution)
### (42 U.S.C. § 1983)

28. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 27 of this Complaint.

29. Defendants' conduct violated the rights of Maria, Walter, Hector, Javier, Samuel, Rodolfo, Joel, Jesse, Francisco, and Oscar in at least the following ways: first, their false arrests and detentions were unreasonable in violation of the Fourth Amendment to the United States Constitution; second, their beatings constituted unreasonable use of force in violation of the Fourth Amendment.

30. These violations are compensable pursuant to 42 U.S.C. § 1983. As a result of defendants' conduct, Plaintiffs have suffered significant physical and emotional harm, including but not limited to any and all special damages pled below.

## SECOND CAUSE OF ACTION
### (Section 1983: Malicious Prosecution)

31. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 30 of this Complaint.

32. Following the incident, the City of Menlo Park police officers involved contrived charges to justify the arrests. They prepared false and misleading police reports to cover-up their acts of misconduct and to falsely support their assertions that crimes had been committed, knowing that prosecuting authorities would rely on those fabricated police reports to decide whether to press charges against Plaintiffs, and knowing also that their false assertions could lead to enhanced bail and prolonged detention. The preparation of these fabricated police reports resulted in the improper prosecution of Hector Valencia, Javier Anguiano, Samuel Salgado, Jose Jesus "Jesse" Espinosa, and Rodolfo Medina.

33. The false charges against Francisco Leon and Joel Vasquez-Medina were subsequently dropped.

34. Other Plaintiffs were forced to defend themselves at a criminal trial. At the criminal trial, Hector Valencia, Javier Anguiano, Samuel Salgado, and Jose Jesus "Jesse" Espinosa were each acquitted of all charges on May 9, 2008. Mr. Rodolfo Medina, who was in the process of applying for citizenship, accepted a plea bargain in an effort to save his application from being denied based on the false charges against him.

35. Defendants' conduct resulted in the malicious prosecution of the above named individuals. As a result of defendants' conduct, Hector, Javier, Samuel, Rodolfo, and Jesse suffered damages, including but not limited to any and all special damages pled below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against defendants, as follows:

1. For general damages against defendants in an amount to be proven at trial;

2. For special damages against defendants in an amount to be proven at trial, including but not limited to lost wages, any and all medical expenses incurred to treat the injuries of any and all Plaintiffs, and bond costs incurred in connection with the false arrest of all arrestees.

3. For punitive and exemplary damages against the individual defendants in an amount to be proven at trial;

4. For attorneys' fees under 42 U.S.C. § 1983 and the California Attorney General Doctrine;

5. For costs of suit; and

6. For whatever further relief, including injunctive relief, as may be just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on any and all issues triable by a jury.

Dated: August 18, 2008

ARTURO J. GONZÁLEZ
KENNETH W. BRAKEBILL
NATALIE NAUGLE
SARINA SALUJA
MORRISON & FOERSTER LLP

By: _____
Arturo J. González

Attorneys for Plaintiffs

%JS 44 (Rev. 12/07) (cand rev 1-08)

**ORIGINAL** CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Maria Medina, et al.

**DEFENDANTS**
City of Menlo Park, et al.

(b) County of Residence of First Listed Plaintiff San Mateo
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant San Mateo
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Arturo J. González
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482

Attorneys (If Known)

PVT  E-filing

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

ADR

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| [ ] 110 Insurance | [ ] 310 Airplane | [ ] 362 Personal Injury — Med. Malpractice | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | | | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R.& Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| | | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| | | | [ ] 790 Other Labor Litigation | | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | | FEDERAL TAX SUITS | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 240 Torts to Land | | [ ] 535 Death Penalty | IMMIGRATION | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - Employment | [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 446 Amer. w/Disabilities - Other | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |
| | [x] 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC Section 1983

Brief description of cause:
Wrongful Arrest, Malicious Prosecution

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

- [ ] SAN FRANCISCO/OAKLAND
- [x] SAN JOSE

DATE
August 18, 2008

SIGNATURE OF ATTORNEY OF RECORD

American LegalNet, Inc.
www.FormsWorkflow.com