1   ARTURO J. GONZÁLEZ (CA SBN 121490)
    KENNETH W. BRAKEBILL (CA SBN 196696)
2   NATALIE NAUGLE (CA SBN 240999)
    SARINA SALUJA (CA SBN 253781)
3   MORRISON & FOERSTER LLP
    425 Market Street
4   San Francisco, California 94105-2482
    Telephone:  (415) 268-7000
5   Facsimile:  (415) 268-7522

6   Attorneys for Plaintiffs

7

8                        UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10

11  MARIA MEDINA, WALTER CAMPOS,            Case No.  CV 08–3946 PVT
    HECTOR LUIS VALENCIA, JAVIER
12  ANGUIANO, SAMUEL SALGADO,
    RODOLFO MEDINA, JOEL ANTONIO
13  VASQUEZ-MEDINA, JOSE JESUS              **FIRST AMENDED COMPLAINT**
    ESPINOSA, FRANCISCO LEON, OSCAR         **FOR VIOLATION OF THE**
14  CAMPOS,                                 **FOURTH AND FOURTEENTH**
                                            **AMENDMENTS TO THE UNITED**
15                                          **STATES CONSTITUTION;**
                        Plaintiffs,         **MALICIOUS PROSECUTION**
16
         v.                                 **[JURY TRIAL DEMANDED]**
17
    CITY OF MENLO PARK; JONATHAN
18  BAXTER, individually and as an officer of the
    Menlo Park Police Department; NICHOLAS
19  DOUGLAS, individually and as an officer of the
    Menlo Park Police Department, RONALD
20  PRICKETT, individually and as an officer of the
    Menlo Park Police Department, THOMAS
21  CRUTCHFIELD, individually and as an officer
    of the Menlo Park Police Department, JOHSUA
22  VENZON, individually and as an officer of the
    Menlo Park Police Department, and DOES 1
23  through 50, inclusive,

24                      Defendants.

25

26

27

28

1
2
3
4
5
6
7
8
9
10

**INTRODUCTION**

This lawsuit stems from the unlawful entry into a family home.  With no probable cause, police entered the home of Walter Campos and Maria Medina and assaulted several occupants.  A number of people inside the home were arrested.  No charges were filed against two of the persons arrested.  Four of them were charged with fabricated crimes.  When those claims were tried to a criminal jury, the jurors determined that all four of them were innocent.

Through this lawsuit, plaintiffs seek a verdict from a jury that defendants acted improperly.  Defendants had no legal basis for entering the home; they had no basis for assaulting and arresting occupants; and they improperly fabricated statements in their police reports to conceal their wrongful conduct.

11

**SUMMARY OF FACTS**

12
13
14
15
16
17
18
19
20
21
22

On the evening of September 1, 2007, Walter Campos and Maria Medina hosted a family birthday party.  The celebration took place at a private residence and was attended by family members and friends, including several young children.  Late in the evening, Officer Jonathan Baxter arrived at the Campos family home in response to a 911 call regarding an argument between two men in the front yard.  Walter Campos approached Officer Jonathan Baxter and informed him that the issue between the men had been resolved.  Officer Baxter then, without Mr. Campos' consent, followed Mr. Campos through the home and into the backyard where several children and family members were mingling.  Moments later, several officers from the City of Menlo Park, including Officer Nicholas Douglas, ran unannounced through the front door of the residence waiving their batons and shouting at the guests.  Officer Ronald Prickett entered the backyard by breaking through the side gate.

23
24
25
26
27
28

The officers, without any justification for entering the private home, started throwing down, handcuffing and arresting several guests.  Officer Baxter, without provocation, threw Javier Anguiano to the ground, handcuffed and placed him under arrest.  Officer Douglas then grabbed Mr. Anguiano's mother, Maria Medina, around her throat with his baton and lifted her off the ground to use her as a "shield."  Officer Douglas then threw Maria Medina against the wall on the back porch.  Thereafter, Officer Douglas, again without provocation, struck Hector

1   Valencia on the wrist with his baton.  Mr. Valencia was then tackled by several police officers,

2   handcuffed and arrested.  Samuel Salgado was struck on the wrist with a baton, slammed to the

3   ground, handcuffed, and arrested.  Mr. Vasquez-Medina was tackled by more than one officer,

4   handcuffed, and arrested.  Officer Prickett threw Mr. Oscar Campos to the ground, but did not

5   arrest him.  Rodolfo Medina, Jose Jesus "Jesse" Espinosa, and Francisco Leon were also thrown

6   to the ground and tackled by officers, handcuffed and arrested.  These guests were falsely arrested

7   and charged with interfering with a peace officer.

8        After the incident, the officers prepared false and misleading police reports to cover-up

9   their acts of misconduct, which led to the improper prosecution of Hector Valencia, Javier

10  Anguiano, Samuel Salgado, Jose Jesus "Jesse" Espinosa, and Rodolfo Medina.  The false charges

11  against Francisco Leon and Joel Vasquez-Medina were subsequently dropped.  Mr. Rodolfo

12  Medina, fearful that he might be wrongfully convicted, accepted a plea bargain.  Mr. Valencia,

13  Mr. Anguiano, Mr. Salgado and Mr. Espinosa went to trial and were acquitted.

14       Several family members in attendance were required to go to the hospital that night for

15  treatment of the injuries they incurred during the incident.  As a result of being held in a choke-

16  hold and thrown against a wall by Officer Douglas, Maria Medina was injured and is currently

17  undergoing physical therapy.

18                              **JURISDICTION AND VENUE**

19       1.        This Court has jurisdiction over the subject matter of this action under 28 U.S.C.

20  § 1331, 28 U.S.C. § 1343(3), 42 U.S.C. § 1983, and 28 U.S.C. § 1367(a) (supplemental

21  jurisdiction).

22       2.        Venue is proper in the Northern District of California, under 28 U.S.C. § 1391(b),

23  in that a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in

24  this judicial district, and this is a judicial district where a defendant resides and the defendants

25  reside in the state of California.

26

27

28

1

**INTRADISTRICT ASSIGNMENT**

2      1.     Intradistrict assignment to the San Jose Division is appropriate pursuant to Civil

3   L.R. 3-2(c), as a substantial part of the events that give rise to the claims as alleged herein

4   occurred in San Mateo County.

5

**THE PARTIES**

6      3.     The Plaintiffs in this case are Maria Medina, Walter Campos, Hector Luis

7   Valencia, Javier Anguiano, Samuel Salgado, Rodolfo Medina, Joel Antonio Vasquez-Medina,

8   Jose Jesus "Jesse" Espinosa, Francisco Leon, and Oscar Campos, (together "the Plaintiffs" or

9   individually "Maria" or "Walter" or "Hector" or "Javier" or "Samuel" or "Rodolfo" or "Joel" or

10  "Jesse" or "Francisco" or "Oscar").  They are residents of Menlo Park, California and were

11  falsely arrested and/or detained, and injured, through the use of excessive and unjustified force by

12  several Menlo Park police officers, including Officers Jonathan Baxter, Nicholas Douglas, and

13  Ronald Prickett on September 1, 2007.

14     4.     Plaintiffs are informed and believe that defendant City of Menlo Park is a

15  municipal corporation and a political subdivision of the State of California with the capacity to

16  sue and be sued.  The City of Menlo Park includes the Menlo Park Police Department.

17     5.     Upon information and belief, Defendants Jonathan Baxter, Nicholas Douglas,

18  Ronald Prickett, Thomas Crutchfield and Joshua Venzon are, and at all times mentioned herein,

19  were officers of the Menlo Park Police Department.  Jonathan Baxter, Nicholas Douglas, Ronald

20  Prickett, Thomas Crutchfield and Joshua Venzon are each sued individually and in their official

21  capacity.

22     6.     Does 1 through 50, inclusive, are used herein under fictitious names because their

23  true names, capacities, and/or degrees of responsibility for the acts alleged herein are unknown to

24  Plaintiffs at this time.  When the Plaintiffs ascertain this information, they will amend this

25  Complaint accordingly.  Plaintiffs are informed and believe, and thereon allege, that defendant

26  Does 1 through 50, inclusive, and each of them, are legally liable to the Plaintiffs in some part for

27  the wrongful acts and omissions for which Plaintiffs complain herein.

28

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS        3
sf-2569556

1    7.    Plaintiffs are informed and believe, and thereon allege, that at all times mentioned

2    herein, each and every defendant was the agent, servant, employee, and/or representative of each

3    and every other defendant and, in doing the things complained of herein, was acting within the

4    scope of that agency, service, employment, and/or representation, and that each and every

5    defendant is jointly and severally liable to the Plaintiffs for the damages hereinafter alleged.

6                                    **GENERAL ALLEGATIONS**

7    8.    On the evening of September 1, 2007, Walter and Maria, a married couple, were

8    hosting a birthday party.  The celebration occurred at their private residence at 1357 Windermere

9    Avenue in Menlo Park, California, and was attended by family and friends, including young

10   children.

11   9.    Late in the evening, at or around 11 p.m., Officer Jonathan Baxter from the City of

12   Menlo Park Police Department, responding to a 911 call reporting a verbal altercation in the front

13   yard, entered the private residence of Mr. Walter Campos and Maria Medina without consent or

14   legal justification.  At the time, several of the Plaintiffs were in the back yard engaged in

15   conversation with each other and in the presence of numerous family members and children.

16   10.    Within moments of Officer Baxter's entry into the residence, several other Menlo

17   Park police officers ran unannounced, without consent or legal justification, through the front

18   doorway waving batons and shouting at people to "get on the ground."  Said officers included

19   City of Menlo Park Officer Nicholas Douglas.  City of Menlo Park Officer Ronald Prickett

20   entered the back yard by breaking down the side gate.

21   11.    Officer Baxter approached Javier, threw him to the ground, handcuffed, and

22   arrested him.  Several officers tackled and continued to strike Javier with batons after he was

23   already on the ground.

24   12.    Watching her son thrown to the ground and beaten, Maria attempted to inform

25   Officer Baxter that Javier had done nothing wrong.  Officer Douglas then grabbed Maria around

26   the throat with his baton and held her up against him.

27   13.    Seeing Officer Douglas hold Maria in a choke-hold, Hector attempted to inform

28   Officer Nicholas Douglas that she was the homeowner and that she had done nothing wrong.  In

1   response, Officer Nicholas Douglas forcefully threw Maria against a wall and struck Hector on

2   the wrist with his baton.  Hector was then tackled by several police officers, pinned to the ground,

3   handcuffed and arrested.

4          14.     During that same time, Officer Prickett entered the residence by breaking the

5   wooden gate at the side of the house.  Upon entering, he reports seeing Walter and Oscar standing

6   by the porch.  Officer Prickett ordered both Walter and Oscar to put their hands up and stand

7   against the wall and watched them, baton in hand.  After a few minutes, Officer Prickett allowed

8   Walter and Oscar to put their hands down, but then, without provocation, threw Oscar face down

9   onto the floor.  Oscar was then tackled by more than one officer, but released a few minutes later.

10         15.     Samuel, who had been in the front yard, entered into the backyard to ascertain the

11  cause of the commotion.  As he stood in the back doorway watching several family members and

12  friends being thrown to the ground and struck with batons, an unknown officer struck his left

13  wrist with a baton, tackled and slammed him to the ground, striking his head violently on the back

14  porch.  Samuel was thereafter handcuffed and placed under arrest.

15         16.     Joel, who had been waiting in the front yard, after hearing shouts that Javier was

16  being arrested, entered the backyard.  Upon entering, he witnessed Officer Douglas choke-

17  holding his mother Maria, several officers striking Javier as he lay flat on his face on the ground,

18  and an officer throw Jesse to the ground.  Joel then followed the officers as they escorted the

19  arrestees through the house to the police cars.  Again, without provocation, Joel was then tackled

20  by more than one police officer and placed under arrest.  The charges against Joel were

21  subsequently dropped.

22         17.     An officer then ordered Rodolfo to get on the ground.  Rodolfo complied, lowering

23  himself to the ground.  While Rodolfo was laying face down on the floor, several officers tackled

24  him, shoved his face into the ground, handcuffed and arrested him.

25         18.     Francisco observed the officers throwing down and striking people.  An officer

26  yelled at him to get down.  In fear of getting hit, Francisco got to the ground, and was handcuffed

27  and arrested.

28

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS          5
sf-2569556

1    19.    Hector, Samuel, Javier, Rodolfo, Francisco, Joel, and Jesse were all taken to the

2    police station.  Hector, Samuel, Javier and Rodolfo were all detained for over four hours and

3    released around 5 or 6 a.m.  Joel, Jose, and Francisco were detained for approximately two hours

4    before being released.

5    20.    The actions of Officers Baxter, Douglas, Prickett, Crutchfield and Venzon were

6    taken pursuant to a policy, pattern, practice, and custom of the City of Menlo Park to arrest

7    individuals by using improper means, including the use of excessive force, even when no

8    reasonable basis exists for believing that use of force will be required.  In addition, the actions

9    were taken pursuant to a policy, pattern, practice, and custom of the City of Menlo Park of

10    arresting and detaining persons even when no probable cause exists for believing that they have

11    committed any crime.

12    21.    Despite their knowledge of this illegal policy, pattern, practice, and custom, the

13    supervisory and policy-making officers have taken no effective steps to terminate the policy,

14    pattern, practice, and custom; and have not effectively disciplined or otherwise properly

15    supervised the individual officers who engage in the policy, pattern, practice, and custom.

16    22.    Moreover, defendant City of Menlo Park has not effectively trained City of Menlo

17    Park officers with regard to the proper constitutional and statutory limits of the exercise of their

18    authority; have assigned as training officers certain officers known to engage in the illegal policy,

19    pattern, practice, and custom; and have sanctioned the policy, pattern, practice, and custom

20    through their deliberate or grossly negligent indifference to the effect of this policy, pattern,

21    practice, and custom, on the constitutional rights of residents.  These supervisory and policy-

22    making officers have taken no effective action to ensure that safeguards are put into place to

23    avoid the false arrest and detention of citizens and the unjustified use of excessive force.  Instead,

24    the City of Menlo Park has ratified acts of misconduct by its police officers, including the acts of

25    defendants Baxter, Douglas, Prickett, Crutchfield and Venzon and Does 1-50.

26    23.    As the direct and proximate result of the acts, omissions, policies, patterns,

27    practices, and customers of defendants alleged herein, Plaintiffs have suffered bodily harm,

28    substantial and emotional pain and suffering, shock and injury to the nervous systems,

1   humiliation, extreme and severe mental anguish, acute anxiety, emotional and physical distress,

2   and fear, all to their damage and detriment.

3        24.     As a further direct and proximate result of the injuries alleged herein, Plaintiffs

4   have incurred, and will continue to incur, medical expenses.  Plaintiffs do not know the full

5   amount of such expenses, and Plaintiffs will amend this Complaint to state such amount when it

6   becomes known to the Plaintiffs or on proof thereof.

7        25.     As a further direct and proximate result of the injuries alleged herein, Plaintiffs

8   have also incurred, and will continue to incur, other damages, including but not limited to lost

9   wages and bond costs.

10       26.     At all times mentioned herein, and in all of their actions mentioned herein, the

11  individually named defendants were acting under color of law and under color of their authority

12  and within the scope of their employment as law enforcement officers of the City of Menlo Park.

13       27.     The conduct of the individual defendants, and of Does 1 through 50 was willful,

14  wanton, malicious, oppressive, and in bad faith.  Each of these defendants also acted with reckless

15  or callous disregard for the rights of Plaintiff and intentionally violated both federal and state law.

16  Plaintiffs are thus entitled to an award of punitive damages against each of these defendants.

17                      **FIRST CAUSE OF ACTION**

18      **(Fourth and Fourteenth Amendments to the United States Constitution)**

19                          **(42 U.S.C. § 1983)**

20       28.     Plaintiffs reallege and incorporate herein by reference each and every allegation

21  contained in paragraphs 1 through 27 of this Complaint.

22       29.     Defendants' conduct violated Plaintiffs' constitutional rights in at least the

23  following ways: first, the unlawful arrests and/or detentions of Maria, Walter, Hector, Javier,

24  Samuel, Joel, Jesse, Francisco and Oscar were unreasonable in violation of the Fourth

25  Amendment to the United States Constitution; second, the use of force against Maria, Hector,

26  Javier, Samuel, Rodolfo, Joel, Jesse, and Oscar constituted unreasonable use of force in violation

27  of the Fourth Amendment.

28

1    30.    These violations are compensable pursuant to 42 U.S.C. § 1983.  As a result of

2    defendants' conduct, Plaintiffs have suffered significant physical and emotional harm, including

3    but not limited to any and all special damages pled below.

4                                    **SECOND CAUSE OF ACTION**

5                                 **(Section 1983:  Malicious Prosecution)**

6    31.    Plaintiffs reallege and incorporate herein by reference each and every allegation

7    contained in paragraphs 1 through 30 of this Complaint.

8    32.    Following the incident, the City of Menlo Park police officers involved contrived

9    charges to justify the unlawful arrests.  Acting with the malicious intent to deprive Plaintiffs of

10   their constitutionally protected rights, the Menlo Park Police officers prepared false and

11   misleading police reports to cover-up their acts of misconduct and to falsely support their

12   assertions that crimes had been committed, knowing that prosecuting authorities would rely on

13   those fabricated police reports to decide whether to press charges against Plaintiffs, and knowing

14   also that their false assertions could lead to enhanced bail and prolonged detention.  The

15   preparation of these fabricated police reports resulted in the improper prosecution of Hector

16   Valencia, Javier Anguiano, Samuel Salgado, Jose Jesus "Jesse" Espinosa, and Rodolfo Medina.

17   33.    The false charges against Francisco Leon and Joel Vasquez-Medina were

18   subsequently dropped, and accordingly, they do not assert claims for malicious prosecution.

19   34.    Other Plaintiffs were forced to defend themselves at a criminal trial.  At the

20   criminal trial, Hector Valencia, Javier Anguiano, Samuel Salgado, and Jose Jesus "Jesse"

21   Espinosa were each acquitted of all charges on May 9, 2008.  Mr. Rodolfo Medina, who was in

22   the process of applying for citizenship, pled guilty to a lesser unrelated offense in an effort to save

23   his application from being denied based on the false charges against him.

24   35.    Defendants' conduct resulted in the malicious prosecution of the above named

25   individuals.  As a result of defendants' conduct, Hector, Javier, Samuel, Rodolfo, and Jesse

26   suffered damages, including but not limited to any and all special damages pled below.

27

28

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against defendants, as follows:

1.    For general damages against defendants in an amount to be proven at trial;

2.    For special damages against defendants in an amount to be proven at trial, including but not limited to lost wages, any and all medical expenses incurred to treat the injuries of any and all Plaintiffs, and bond costs incurred in connection with the false arrest of all arrestees.

3.    For punitive and exemplary damages against the individual defendants in an amount to be proven at trial;

4.    For attorneys' fees under 42 U.S.C. § 1983;

5.    For costs of suit; and

6.    For whatever further relief, including injunctive relief, as may be just and proper.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury on any and all issues triable by a jury.


Dated: September 2, 2008          ARTURO J. GONZÁLEZ
                                  KENNETH W. BRAKEBILL
                                  NATALIE NAUGLE
                                  SARINA SALUJA
                                  MORRISON & FOERSTER LLP


                                  By:    /s/ Arturo J. González
                                         Arturo J. González

                                         Attorneys for Plaintiffs

1

**CERTIFICATE OF SERVICE BY OVERNIGHT DELIVERY**
(Fed. R. Civ. Proc. rule 5(b))

2

3   I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California  94105-2482; I am not a party to the within cause; I am over the age of eighteen years; and I am readily familiar with Morrison & Foerster's practice

4   for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Morrison & Foerster's business practice the document described below will be

5   deposited in a box or other facility regularly maintained by UPS or delivered to an authorized courier or driver authorized by UPS to receive documents on the same date that it is placed at

6   Morrison & Foerster for collection.

7   I further declare that on the date hereof I served a copy of:

8   **FIRST AMENDED COMPLAINT FOR VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE**

9   **UNITED STATES CONSTITUTION; MALICIOUS PROSECUTION**

10

11  on the following by placing a true copy thereof enclosed in a sealed envelope with delivery fees provided for, addressed as follows for collection by UPS at Morrison & Foerster LLP, 425 Market Street, San Francisco, California  94105-2482, in accordance with Morrison & Foerster's ordinary

12  business practice.

13

14              William L. McClure
                City Attorney, Menlo Park
15              1100 Alma St.
                Suite 210
16              Menlo Park, CA 94025

17
                Michael C. Serverian
18              Rankin, Landsness, Lahde,
                Serverian & Stock
19              96 North Third Street, Suite 500
                San Jose CA  95112-5572
20

21

22

23

24

25

26

27

28

1    I declare under penalty of perjury that the above is true and correct.

2    Executed at San Francisco, California, this 2nd day of September, 2008.

3

4

5

6    _____          _____
              Carol J. Peplinski                              /s/ Carol J. Peplinski
                  (typed)                                        (signature)

7

8                    **ATTESTATION OF E-FILED SIGNATURE**

9        I, Arturo J. Gonzalez, am the ECF User whose ID and password are being used to file this
     Proof of Service.  In compliance with General Order 45, X.B., I hereby attest that Carol J.
10   Peplinski has read and approved this Proof of Service and consents to its filing in this action.

11      Dated:  September 2, 2008.

12                              MORRISON & FOERSTER LLP

13

14                              _____
                                     /s/  Arturo J. Gonzalez
15                                    Arturo J. Gonzalez

16

17

18

19

20

21

22

23

24

25

26

27

28